Loja-Sacasari v. Garland

BIA
Lurye, IJ
A208 376 198/199

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of August, two thousand twenty-four.

PRESENT:
> **DENNIS JACOBS,**
> **RAYMOND J. LOHIER, JR.,**
> **SARAH A. L. MERRIAM,**
> *Circuit Judges.*

_____

**MARTHA LOJA-SACASARI, D. C-L,**
> *Petitioners,*

> **v.**                                                    **21-6541**
>                                                            **NAC**

**MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,**
> *Respondent.*

_____

**FOR PETITIONERS:**   Perham Makabi, Esq., Kew Gardens, NY.

**FOR RESPONDENT:**   Brian M. Boynton, Principal Deputy Assistant Attorney General; Andrew N. O'Malley, Senior Litigation Counsel; Joseph A. O'Connell, Attorney; Alyssa C. Scott, Law Clerk, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Martha Loja-Sacasari and her minor child, natives and citizens of Ecuador, seek review of a September 7, 2021 decision of the BIA affirming a March 14, 2019 decision of an Immigration Judge ("IJ"), which denied Loja-Sacasari's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Martha Loja-Sacasari, D. C-L*, Nos. A208 376 198/199 (B.I.A. Sept. 7, 2021), *aff'g* Nos. A208 376 198/199 (Immig. Ct. N.Y. City Mar. 14, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review factual findings for

2

substantial evidence and questions of law de novo. *Lecaj v. Holder*, 616 F.3d 111, 114 (2d Cir. 2010). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Loja-Sacasari argued that physical and sexual abuse by her former husband constituted persecution based on her actual or imputed feminist political opinion and that Ecuadorian authorities would acquiesce to torture by her former husband if she is removed.

## I. Asylum and Withholding of Removal

Petitioner first contends that the agency's decisions "denying asylum are not adequate for appellate review under Second Circuit precedent." Petitioner's Br. at 18. We disagree. The record is sufficient to permit meaningful review, and upon such review, we deny the petition as to asylum and withholding of removal. "The burden of proof is on the applicant to establish that . . . race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022) (holding that the "one central reason" standard applies to both asylum and withholding of removal). Thus, to qualify for asylum and withholding, an

3

applicant must prove "a sufficiently strong nexus" between the suffered or feared harm and a protected ground. *Castro v. Holder*, 597 F.3d 93, 100 (2d Cir. 2010). "The applicant must . . . show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the applicant's political belief[s]," rather than merely from the persecutor's own opinion. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005). What constitutes an expression of a political opinion "involves a 'complex and contextual factual inquiry' into the nature of the asylum applicant's activities in relation to the political context in which the dispute took place." *Castro*, 597 F.3d at 101 (quoting *Yueqing Zhang*, 426 F.3d at 548)).

Substantial evidence supports the agency's determination that Loja-Sacasari failed to demonstrate that her ex-husband threatened and abused her on account of her actual or imputed feminist political opinion. Loja-Sacasari's written statements did not mention a political opinion, and she testified that her ex-husband abused her because he was a "machista" who "hits women" and used her. Certified Administrative Record ("CAR") at 102 (Tr.), 131–32 (Aff.), 186 (App.). And when asked if she had ever spoken publicly or done "anything to express" the extent of the abuse she faced in Ecuador, Loja-Sacasari answered only that her sister knew about her problems. *Id.* at 121–22 (Tr.). Because Lona-

4

Sacasari's only evidence was about her ex-husband's general beliefs, we agree with the agency that she did not establish that he abused her because of her political opinion, actual or imputed. *See Yueqing Zhang*, 426 F.3d at 545 (requiring more than a showing that "the persecutor act[s] from a generalized political motive" (quotation marks omitted)); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157–58 (2d Cir. 2008) ("[W]hen a petitioner bears the burden of proof, [a] failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the agency's challenged decision.").

Loja-Sacasari likens her claim to that of the applicant in *Hernandez-Chacon v. Barr*, 948 F.3d 94 (2d Cir. 2020). But the cases are distinguishable because Loja-Sacasari expressed no reasons for resisting her husband that could be construed as opposing Ecuador's entrenched patriarchy. *See Hernandez-Chacon*, 948 F.3d at 103 (noting Hernandez-Chacon's testimony that she resisted a rape attempt because "she had every right to," as well as her belief that she was targeted for a second attack because gang members believed that "she needed to be punished for her act of defiance"). In contrast, when asked why her husband hit her, Loja-Sacasari testified that "[h]e would come drunk, and [she] did not like him to drink for the mistreatment or abuse to continue." CAR at 102. She further testified that she

5

attempted to escape their home once, she spoke with her husband about getting divorced, and she filed a report with the police—but she did not testify that the abuse was in retaliation for these actions or that her husband was aware of the police report. CAR at 102–04, 114–15; *see INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (requiring "*some* evidence . . . direct or circumstantial" to establish the persecutor's motive); *Zelaya-Moreno v. Wilkinson*, 989 F.3d 190, 201 (2d Cir. 2021) ("[D]isapproving of things that have a negative impact on one's life or even one's country does not necessarily amount to a *political* opinion."). She also failed to identify a way in which her actions "took on a political dimension by transcending mere self-protection." *Hernandez-Chacon*, 948 F.3d at 104.

## II. CAT Relief

Unlike asylum and withholding of removal, CAT relief does not require a nexus to a protected ground but instead requires the applicant to establish that she is "more likely than not" to be tortured by, or with the acquiescence of, government officials. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.17(a), 1208.18(a). [1] Acquiescence requires "that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent

---

[1] This order cites to the regulations in effect at the time of the IJ's decision.

it." *Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004).

The agency reasonably concluded that Loja-Sacasari did not meet her burden to establish that she would likely be tortured by or with the acquiescence of government officials. Country conditions evidence reveals high levels of violence against women in Ecuador, but also that the government there has enacted laws against domestic violence and has put in place systems to prosecute crimes and provide some support to victims. *See Quintanilla-Mejia v. Garland*, 3 F.4th 569, 592 (2d Cir. 2021) (holding that where "the agency's conclusion finds support in record evidence, [a petitioner] cannot secure CAT relief by pointing to conflicting evidence that might support—but not compel—a different conclusion"). Moreover, as the IJ noted, Loja-Sacasari's fear of torture is speculative because she last spoke to her ex-husband in 2016 and did not know if he was in Ecuador. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . , [an applicant's] fear is speculative at best.").

For the foregoing reasons, the petition for review is DENIED.   All pending

motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court